**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JULETTA A. MCCLURKIN, :

        Plaintiff,

 -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
        Defendant. :

Case No. 3:09-cv-089

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

**REPORT AND RECOMMENDATIONS**

    Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

    Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict

(now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

To qualify for supplemental security benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial

resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520 . First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1990). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed applications for SSD and SSI on January 31, 2005, alleging disability from January 20, 2005, due to pain in her right arm, problems with ligaments in her arm, HIV, and depression. *See* Tr. 62-64; 473-74; 77. Plaintiff's applications were denied initially and on reconsideration. *See* Tr. 36-43, 477-84. Two hearings were held before Administrative Law Judge Thomas R. McNichols, II, (Tr. 514A-53; 554-99), who determined that Plaintiff is not disabled. (Tr. 17-26). The Appeals Council denied Plaintiff's request for review, (Tr. 5-7), and Judge McNichols' decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge McNichols found that she met the insured status requirements of the Act through June 30, 2008. (Tr. 19 ¶ 1). Judge McNichols also found that Plaintiff has severe impairments of a history of HIV positive status, asthma, a history of hepatitis C, and polysubstance abuse with depression, but that she does not have an impairment or combination of impairments that meets or equals the Listings. *Id.* ¶ 3, Tr. 21 ¶ 4. Judge McNichols found further that Plaintiff has the residual functional capacity to perform a limited range of light work. (Tr. 22 ¶ 5). Judge McNichols then used section 202.11 of the Grid as a framework for deciding, coupled with a vocational expert's testimony, and found there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 25, ¶ 10). Judge McNichols concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 26, ¶ 11).

Plaintiff sought emergency room treatment several times between August, 2004, and June, 2005, for various complaints including a urinary tract infection, (Tr. 160-70), lumbar and cervical spine strain, (Tr. 171-83), complaints of trouble breathing and left-sided pain, (Tr. 184-93), right arm pain after she had punched a wall while fighting with her boyfriend, (Tr. 194-204), mouth

pain, (Tr. 205-14), chronic wrist pain, (Tr. 224-32), continued complaints of pain in her mouth, (Tr. 215-23), right arm pain after she had hit a door with her fist, (Tr. 233-41), acute dyspnea and acute asthmatic bronchitis, (Tr. 242-52), dizziness and abdominal pain, (Tr. 275-94), and arm pain after she had used her arm to protect herself when a bottle was thrown at her during a fight. (Tr. 298-308).

The record contains a copy of Plaintiff's treatment notes from the Cassano Health Center dated January 26 through August 12, 2005. (Tr. 316-32). Those records reveal that Plaintiff received treatment at that facility for pelvic pain and a right wrist injury. *Id.*

Examining psychologist Dr. Flexman reported on May 3, 2005, that Plaintiff had an eleventh grade education, had a strong body odor, smelled strongly of alcohol, had a tense posture, a dramatic affect, embellished during her presentation, and that she appeared anxious, agitated, and mildly evasive during the evaluation process. (Tr. 253-56). Dr. Flexman also reported that Plaintiff's attention span was poor, partly due to the poor effort she made during the exam, she engaged in pain behaviors, her facial expressions were anxious, her general body movements were restless and fidgety, and that her speech was appropriate. *Id.* Dr. Flexman noted that Plaintiff was oriented, her intellectual functioning was judged to be below average, her memory was fair, and that obsessive thinking concerning somatic or other psychological problems was judged to be out of proportion with reality. *Id.* Dr. Flexman identified Plaintiff's diagnoses as alcohol abuse, continuous, depression NOS, malingering, and borderline personality; he assigned Plaintiff a GAF of 51. *Id.* Dr. Flexman opined that Plaintiff was capable of performing short, simple instructions, had moderate limitations in sustaining attention, responding appropriately to work pressures, responding to changes in the workplace, interacting appropriately with supervisors and co-workers, and making judgments for simple work-related decisions. *Id.* Dr. Flexman also reported that Plaintiff had marked

5

limitations in interacting appropriately with the public. *Id.*

On June 10, 2005, laboratory testing confirmed that Plaintiff was HIV positive. (Tr. 295-97).

On January 18, 2007, Plaintiff sought emergency room treatment for complaints of a migraine headache, rib pain, and chest pain. (Tr. 333-50). Plaintiff was treated and released with the diagnoses of acute cephalgia, HIV, and generalized weakness. *Id.*

The record contains a copy of Plaintiff's treatment notes from the Miami Valley Hospital Clinic dated November 28, 2005, through June 6, 2008. (Tr. 416-19; 420-72). Those notes reveal that Plaintiff received treatment at that facility for HIV, hepatitis C, polysubstance abuse, cervical cancer, hypertension, and asthma. *Id.* During that time, Plaintiff had a notable swollen/enlarged lymph node in the left neck and armpit and mild thrush. *Id.* Blood test showed she was positive for Hepatitis C infection and Plaintiff's CD4[1] count was at 413. (Tr. 468). On January 27, 2006, the clinic doctors recommended against initiating Highly Active Anti-Retroviral Treatment (HAART)[2] until her CD4 count was less than 350. *Id.* (Tr. 383).

Plaintiff was hospitalized February 23-24, 2007, after she sought emergency room treatment for complaints of breathing difficulty. (Tr. 356-76). At that time, it was noted that Plaintiff reported that she had used cocaine the day before she sought treatment and had smoked half a pack of cigarettes. *Id.* Plaintiff's chest x-rays and EKG were normal. *Id.* Plaintiff was treated and

---

[1] CD4 cells are a type of lymphocyte (white blood cell). HIV is a retrovirus, meaning it needs cells from a "host" in order to make more copies of itself (replication). In the case of HIV, CD4 cells are the host cells that aid HIV in replication. HIV attaches to the CD4 cells, allowing the virus to enter and infect the CD4 cells, damaging them in the process. The fewer functioning CD4 cells, the weaker the immune system and therefore the more vulnerable a person is to infections and illnesses. *See* www.aids.about.com

[2] HAART is aggressive treatment regimens used to suppress HIV viral replication and the progression of HIV disease. *Id.*

released with the diagnoses of chest pain, asthma exacerbation, HIV, hypertension, and cervical cancer. *Id.*

Plaintiff was hospitalized August 3-9, 2007, for complaints of abdominal pain and weight loss. (Tr. 387-96). At that time, the treating physician noted that although Plaintiff had been diagnosed with cervical cancer one year ago, she had not followed-up with treatment and he was concerned that it could have metastasized. *Id.* A CT scan of the abdomen performed during that hospitalization showed an enlarged lymph node, but no evidence of malignancy. *Id.* A cervical biopsy was negative. *Id.* Plaintiff's CD4 count was 150. *Id.* Plaintiff was treated and discharged with the diagnoses of HIV, hepatitis C, and history of cervical cancer. *Id.*

Plaintiff was again hospitalized August 22-23, 2007, for complaints of lower abdominal pain for the past five days. (Tr. 399-404). During that hospitalization, it was noted that Plaintiff reported a history of cervical cancer, but that her medical records did not support that diagnosis, that she had probably pelvic inflammatory disease, and new herpes infection. *Id.* Plaintiff was treated and discharged. *Id.*

The medical adviser (MA) testified at the hearing that Plaintiff did have AIDS, which was established during her hospital admission in August, 2007, when her CD4 count was 150. (Tr. 581-82). The MA also testified that he did not think that Plaintiff met or equaled any listed impairment, noting she did not have cancer of the cervix, as was one time suspected. (Tr. 584). The MA testified further that Plaintiff had hepatitis C, but it did not appear that she was on medication for this and he did not see any problems with liver function tests. (Tr. 585.) The MA also testified that the record showed problems with compliance in the past, although he noted Plaintiff did seem to be taking her medications at the time of the hearing. (Tr. 587). The MA opined that Plaintiff was

7

capable of performing light work. (Tr. 589). The MA noted that he had no explanation for Plaintiff's fatigue and did not understand why she was not eating, noting her medications would not cause any decrease in appetite. (Tr. 589, 591).

The record contains additional medical evidence regarding Plaintiff's hospitalization September 5-9, 2008. (Tr. 485-514). That evidence was not before Judge McNichols. Rather, Plaintiff submitted it to the Appeals Council. However, since the Appeals Council denied Plaintiff's request for review, that evidence is not a part of the record for purposes of substantial evidence review of Judge McNichols' decision. *Cline v. Commissioner of Social Security,* 96 F.3d 146, 148 (6th Cir. 1996) (citation omitted).

In her Statement of Errors, Plaintiff alleges that the Commissioner erred by relying on MA testimony in failing to find she met Listing 14.08. (Doc. 8)[3]. Further, Plaintiff also seeks remand of this matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) arguing that there is new and material evidence and good cause for failing to submit the evidence to the Commissioner. *Id.*

Plaintiff essentially argues in support of her first Error that the MA did not have the entire record before him and therefore his testimony is flawed. Plaintiff also argues that, additionally, Judge McNichols failed to consider the entire record in determining that she does not satisfy the Listings.

In finding that Plaintiff does not satisfy the Listings, Judge McNichols relied entirely on the MA's testimony and opinion. (Tr. 21). However, this Court agrees with Plaintiff that the MA's testimony is flawed in that he did not have the entire record before him.

---

[3] Plaintiff challenges the Commissioner's findings only with respect to Listing 14.08 and does not take issue with the Commissioner's findings with respect to her alleged mental impairment.

Failure to consider the record as a whole undermines the Commissioner's conclusion. *Hurst v. Secretary of Health and Human Services,* 753 F.2d 517, 518 (6th Cir. 1985), *citing, Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1973).

Listing 14.08 addresses human immunodeficiency virus (HIV) infection. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.08. The Listing refers to various conditions associated with HIV including, but not limited to, bacterial infections, fungal infections, viral infections, malignant neoplasms, conditions of the skin or mucous membranes, and "repeated manifestations of HIV infection". *Id.*

At the time of the administrative hearing, Plaintiff's recent treatment records from the Miami Valley clinic were not a part of the record. (Ex. 26F; Tr. 420-72). Although Judge McNichols allowed additional time for Plaintiff's counsel to submit those records, which counsel did and which were made a part of the record prior to Judge McNichols issuing his decision, the MA did not have those records to consider when he testified and rendered his opinion.

The Miami Valley clinic records which the MA did not have contain, *inter alia*, numerous laboratory test results which reveal that Plaintiff's CD4 helper cells had dropped to forty-eight in January, 2008, and to sixteen in June, 2008. Those values are significantly different than August, 2007, laboratory test results which indicated a CD4 of 150. The August, 2007, laboratory test results were the latest that the MA had at the time he reviewed the record.

The Listings recognize that with a CD4 below 200, the susceptibility to opportunistic infection is greatly increased. *Id.* at § 14.00F(2). The record which the MA did not have before him reflects that Plaintiff has had probable pelvic inflammatory disease as well as a herpes simplex infection. (Tr. 399-404). In addition, this part of the record reveals that Plaintiff has had an infection

9

of the skin on her face and neck which her health care provider thought was the result of a possible fungal/bacterial superinfection. (Tr. 422). Those medical conditions, which can be considered opportunistic infections, are relevant to the issue of whether Plaintiff satisfies Listing 14.08[4].

As Judge McNichols noted, it is true that there is not evidence that opposes the MA's testimony that Plaintiff does not satisfy the Listings. However, the fact that the MA did not have the entire medical record before him, particularly medical evidence which is arguably related to the question of whether Plaintiff satisfies Listing 14.08, the MA's testimony is flawed.

This Court concludes that the Commissioner's decision that Plaintiff does not satisfy the Listings is not supported by substantial evidence on the record as a whole.

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order benefits granted. The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted); *see also, Newkirk v. Shalala,* 25 F.3d 316 (6th Cir. 1994).

The fourth sentence of 42 U.S.C. Sec. 405(g) directs the entry of a final appealable judgment even though that judgment may be accompanied by a remand order. *Sullivan v. Finkelstein,* 496 U.S. 617 (1990). The fourth sentence does not require the district court to choose

---

[4] Although Judge McNichols had these medical records before him before he rendered his decision, the decision appears to be silent as to the issue of opportunistic infections.

between entering final judgment and remanding; to the contrary, it specifically provides that a district court may enter judgment "with or without remanding the cause for rehearing." *Id.*

This Court concludes that not all of the factual issues have been resolved and that at this stage of the litigation, the record does not establish Plaintiff's entitlement to benefits. Specifically, the Court concludes that in light of the evidence which the MA did not have prior to testifying at the administrative hearing, there is a question as to whether Plaintiff satisfies the Listings.

Therefore, it is recommended that the Commissioner's decision that Plaintiff is not disabled be reversed. It is also recommended that this matter be remanded to the Commissioner for additional administrative proceedings.

February 19, 2010.

*s/ Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).